IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ZACHARY KOWALSKI | § | |
| | § | |
| | § | CIVIL ACTION |
| vs. | § | |
| | § | NO. _____ |
| | § | |
| THOMAS MITCHELL, INC. and | § | |
| JOHN DOE | § | JURY |

**NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Thomas Mitchell, Inc. ("TMI"), the only answering Defendant herein, respectfully submits the following notice of removal.

**I.**

TDI is the only Defendant which has answered in litigation now pending in the 17th District Court of Tarrant County, Texas, Cause No. 017-331918-22, styled *"Zachary Kowalski v. Thomas Mitchell, Inc. and John Doe."* The suit filed against TMI is a civil action seeking damages for alleged personal injury arising from a motor vehicle accident that allegedly occurred in Tarrant County, Texas, on or about May 7, 2021.

**II.**

Both at the time of the filing of Plaintiff's Original Petition and at the time of the filing of this Notice of Removal, Plaintiff was, is, and continuously has been an individual citizen of the State of Texas with his place of residence in the state of Texas. Both at the time of filing Plaintiff's Original Petition and at the time of the filing of this Notice of Removal, Defendant TMI was, is, and continuously has been a corporation organized and existing under the laws of

the State of Nebraska and having its principal place of business in the State of Nebraska. Thus, Defendant is a corporate citizen of the state of Nebraska. The alleged John Doe was, is, and continuously has been an individual citizen of the State of Nebraska both at the time of filing of Plaintiff's Original Petition and of this Notice of Removal. There is, therefore, diversity of citizenship between the parties.

## III.

The amount in controversy in this matter, exclusive of interest and costs, exceeds the sum or value of $75,000, as evidenced by the allegation on page 6 of Plaintiff's Original Petition, where Plaintiff expressly alleges that he seeks recovery against Defendant for "monetary relief in excess of $1,000,000."

In addition, Plaintiff alleges on page 4 of his Original Petition that he "suffered injuries" as a result of the alleged accident. *Plaintiff's Original Petition*, p. 4, ¶ 15. In addition, Plaintiff further alleges that as a result of his injures, he "seeks recovery of the following damages:

   a. <u>Medical Expenses:</u> Zachary Kowalski incurred bodily injuries, which were caused by The Collision and Zachary Kowalski incurred medical expenses for treatment of such injuries. Zachary Kowalski believes that, in reasonable medical probability such injuries will require the need for future medical care.

   b. <u>Physical Pain:</u> Zachary Kowalski endured physical pain as a result of the personal injuries sustained in The Collision and reasonably anticipates such pain will continue in the future.

   c. <u>Mental Anguish:</u> Zachary Kowalski endured mental anguish as a result of the personal injuries sustained in The Collision and reasonably anticipates such mental anguish will continue in the future.

   d. <u>Disfigurement:</u> Zachary Kowalski endured disfigurement as a result of the personal injuries sustained in The Collision and reasonably anticipates such will continue in the future.

  e. <u>Impairment:</u> Zachary Kowalski endured physical impairment as a result of the personal injuries sustained in The Collision and reasonably anticipates such in the future.

  f. <u>Loss of Earning Capacity:</u> Zachary Kowalski lost earnings as a result of the personal injuries sustained in The Collision. Zachary Kowalski reasonably believes that such injuries will diminish Plaintiff's earning capacity in the future.

*Id at pages* 4 and 5. Consequently, Defendant submits that it is apparent from the face of Plaintiff's Original Petition that the amount in controversy in this case is in excess of $75,000.

**IV.**

This Court has jurisdiction and this action is properly removable based upon diversity of citizenship under 28 U.S.C. §1332, et seq. Pursuant to 28 U.S.C. § 1664, Defendant TMI has removed this action to this Court within the time specified by law.

**V.**

Pursuant to Local Rule CV-81(c), attached hereto are (1) an index of all attached documents, (2) a list of all parties in the case, their party type and current status of the removed case (pending), (3) a copy of the Docket Sheet in the State Court action, (4) all pleadings (excluding discovery material) filed in the State Court action, Cause No. 017-331918-22, 17th District Court of Tarrant County, Texas, (5) a complete list of all attorneys involved in the action, (6) a record of which parties have requested trial by jury, and (7) the name and address of the court from which the case has been removed.

**PRAYER FOR RELIEF**

Wherefore, premises considered, Defendant prays that the action now pending in the 17th District Court of Tarrant County, Texas be removed to this, the United States District Court for the Northern District of Texas, Tarrant Division.

Respectfully submitted,

BY: _____
Richard J. Byrne
Lead Attorney
State Bar No. 03666435
rbyrne@ekvallbyrne.com
Ignacio Barbero
State Bar No. 00796162
ibarbero@ekvallbyrne.com
EKVALL & BYRNE, LLP
4450 Sigma Road, Suite 100
Dallas, Texas 75244
TELEPHONE (972) 239-0839
FACSIMILE (972) 960-9517

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

On March 17, 2022, I electronically submitted the foregoing document with the clerk of court of the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

_____
**RICHARD J. BYRNE**