# ALL PROCESS, PLEADINGS and ORDERS PREVIOUSLY SERVED UPON DEFENDANT AND DEFENDANT'S ANSWER
## IN
## CAUSE NO. 017-331918-22
### *Zachary Kowalski*
### *vs.*
### *Thomas Mitchell, Inc. and John Doe*

## IN THE 17TH DISTRICT COURT TARRANT COUNTY, TEXAS



A.   Copy of Register of Actions from Tarrant County District Clerk for Cause No. 017-31918-22

B.   Plaintiff's Original Petition filed February 10, 2022

C.   Citation to Defendant Thomas Mitchell, Inc. served February 16, 2022

D.   Defendant's Original Answer filed February 25, 2022

E.   Defendant's Jury Demand filed February 25, 2022

F.   Defendant's Objections to Plaintiff's Notice of intent to Use Discovery Against Defendant Pursuant to T.R.C.P. 193.7 filed February 25, 2022

G.   Order Setting Trial entered February 25, 2022

H.   Agreed Scheduling Order – Level 3 entered March 7, 2022

# Tarrant County District Clerk Online
## Thomas A. Wilder, District Clerk

Civil Case and Transaction Information                    03/17/2022 3:16 PM

**Court :** 017 ⌄ **Case :** 331918   [Search]   [New Search]   ☐ Show Service Documents ONLY

**Cause Number : 017-331918-22**                    **Date Filed : 02-10-2022**

ZACHARY KOWALSKI | **VS** | THOMAS MITCHELL, INC., ET AL

**Cause of Action :** INJURY OR DAMAGE, INVOLVING MOTOR VEHICLE

**Case Status :** PENDING

| File Mark | Description | Assessed Fee | Credit/Paid Fee |
|-----------|-------------|--------------|-----------------|
| 02-10-2022 | PLTF'S ORIG PET | $350.00 | |
| | | N | |
| 02-10-2022 | PAYMENT RECEIVED trans #1 | | $213.00 |
| | | Y | |
| 02-10-2022 | PAYMENT PAID TO STATE trans #1 | | $137.00 |
| | | Y | |
| 02-10-2022 | CIT Sec of St-ISSUED ON THOMAS MITCHELL INC-On 02/14/2022 | $8.00 | |
| | | N   Svc | |
| 02-10-2022 | PAYMENT RECEIVED trans #4 | | $8.00 |
| | | Y | |
| 02-10-2022 | SVC LR REQ CITS EMAIL | | $0.00 |
| 02-11-2022 | JURY REQUESTED | | $0.00 |
| 02-22-2022 | AFFDT OF SVC OF THOMAS MITCHELL INC | | $0.00 |
| 02-22-2022 | CIT Sec of St Tr# 4 RET EXEC(THOMAS MITCHELL INC) On 02/16/2022 | | $0.00 |

3/17/22, 3:19 PM                                    Tarrant County - Civil

| 02-25-2022 | DEFN'S ORIG ANS | | $0.00 |
| | | | |
| 02-25-2022 | DEFN'S OBJ TO PLTF'S NOT INTENT TO USE DISC AGAINSDEFN PURSUANT TO TRCP 193.7 | | $0.00 |
| 02-25-2022 | DEFN'S DEMAND FOR JURY TRIAL | | $0.00 |
| | | | |
| 02-25-2022 | VAC LTR FROM ATTY RICHARD J BYRNE | | $0.00 |
| | | | |
| 02-25-2022 | JURY REQUESTED | | $0.00 |
| | | | |
| 02-25-2022 | ***ORD SET TRIAL***(WK OF JANUARY 23, 2023) | M | $0.00 |
| | | | |
| 03-07-2022 | (PROP) AGRD SCHED ORD-LEVEL 3 | | $0.00 |
| | | | |
| 03-07-2022 | ***AGRD SCHED ORD-LEVEL 3***(JURY TRIAL WK 1/23/23 | M | $0.00 |
| | | | |
| 03-11-2022 | VAC LTR FROM ATTY TIMOTHY R REILLEY | | $0.00 |

FILED
TARRANT COUNTY
2/10/2022 4:47 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. ____017-331918-22____

| | | |
|---|---|---|
| ZACHARY KOWALSKI | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | ____JUDICIAL DISTRICT |
| | § | |
| | § | |
| THOMAS MITCHELL, INC. | § | |
| AND JOHN DOE | § | TARRANT COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

Plaintiff Zachary Kowalski ("Plaintiff") files this Original Petition complaining of Defendants Thomas Mitchell, Inc. and John Doe ("Defendants") and for cause of action states the following:

### DISCOVERY CONTROL PLAN

1. Pursuant to Rules 190.1 and 190.3 of the Texas Rules of Civil Procedure, Plaintiff states that discovery in this cause is intended to be conducted under Level 3.

### JURY DEMAND

2. Pursuant to Rules 216 and 217 of the Texas Rules of Civil Procedure, Plaintiff requests a jury trial of this matter. Accordingly, Plaintiff tenders the proper jury fee with the filing of Plaintiff's Original Petition.

### PARTIES

3. Plaintiff Zachary Kowalski is an individual residing in Tarrant County, Texas.

4. Defendant Thomas Mitchell, Inc. is a non-resident foreign entity that is doing business in the State of Texas; a current search of records from the Texas Secretary of State (a) does not reveal the correct corporate entity name, (b) does not reflect a regular place of business

in Texas, and (c) does not designate an agent for service of process. This non-resident entity is doing business in the State of Texas, therefore pursuant to CPRC § 17.044 service of process may be accomplished by service on the Secretary of State, Citations Unit, 1019 Brazos, Room 105, Austin, Travis County, 78701 who will accomplish service upon Schneider National Carriers, Inc. by mailing a copy of the citation and petition to the defendant by registered mail or certified mail return receipt requested to its Registered Agent Pamela Clark at 5062 S 108th St., #118, Omaha, NE 68137.

5.    Defendant John Doe is an unknown operator of the motor vehicle owned by Thomas Mitchell, Inc.

## VENUE AND JURISDICTION

6.    Venue is proper in this Court by virtue of Tex. Civ. Prac. & Rem. Code §15.002(a). Furthermore, this Court has jurisdiction in that the damages being sought are within the jurisdictional limits of this Court.

## FACTS

7.    This lawsuit is based on a motor vehicular collision occurring on or about May 7, 2021, at or near the Intersection of Overton Avenue and Interstate 20 in Fort Worth, Texas (hereinafter referred to as "The Collision").

8.    The Collision was proximately caused by the negligence and / or negligence *per se* of Defendants.

9.    John Doe was operating a motor vehicle owned by Defendant Thomas Mitchell, Inc. when the collision occurred. John Doe left the scene of the collision without providing any information regarding their identity.

## CAUSES OF ACTION

### Negligence, Negligence *Per Se*, and/or Gross Negligence

10.     At the time of The Collision, Defendant John Doe was negligent and / or negligent *per se*

in one or more of the following particulars:

    a.     In failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

    b.     In failing to timely apply the brakes of her vehicle in order to avoid the collision in question;

    c.     In driving a vehicle at a rate of speed which was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances;

    d.     In failing to yield the right-of-way;

    e.     In failing to maintain the vehicle under control;

    f.     In following too closely;

    g.     In disregarding traffic signals;

    h.     In failing to take proper evasive action;

    i.     In driving while inattentive;

    j.     In driving while looking at Defendant's cell phone, texting, emailing, or otherwise using a cellular device which diverted Defendant's attention from the road in front of Defendant; and

    k.     In violating Texas Transportation Code Section 545.4251 (use of portable wireless communication device for electronic messaging).

11.     At the time of The Collision, Defendant John Doe was acting in the course and scope of

his employment with Defendant Thomas Mitchell, Inc. As a result, Defendant Thomas

Mitchell, Inc. is legally liable for the acts and omissions of negligence of Defendant John

Doe under the doctrine of *respondeat superior*.

12.     Defendant Thomas Mitchell, Inc. was negligent in hiring Defendant John Doe as a driver

and negligent in allowing them to continue driving vehicles for Defendant Thomas

Mitchell, Inc. when they reasonably should have known that it was unsafe to do so.

Defendant Thomas Mitchell, Inc. was also negligent in its training of Defendant John Doe

and its operation of its company vehicle system.  Such negligence, singularity or in combination with others, proximately caused The Collision.

13.     The above-mentioned acts of negligence on the part of Defendants were of such character as to make Defendant Thomas Mitchell, Inc. guilty of gross negligence.  Defendants' acts of negligence, when viewed objectively from the standpoint of Defendants, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Defendants had actual, subjective awareness of this risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff.  The gross negligence of Defendants was a proximate cause of the Collision and of the damages and injuries alleged herein.  As a result of Defendants' gross negligence, Plaintiff seeks exemplary damages in an amount in excess of the jurisdictional limits of this Court.

14.     Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, negligence *per se*, and/or gross negligence, which proximately caused The Collision and Plaintiff's injuries and damages.

## PERSONAL INJURIES AND DAMAGES

15.     As a result of Defendants' negligent actions, Zachary Kowalski suffered personal injuries. Consequently, Zachary Kowalski seeks recovery of the following damages:

    a.    <u>Medical Expenses:</u>  Zachary Kowalski incurred bodily injuries, which were caused by The Collision and Zachary Kowalski incurred medical expenses for treatment of such injuries.  Zachary Kowalski believes that, in reasonable medical probability such injuries will require the need for future medical care.

    b.    <u>Physical Pain</u>:  Zachary Kowalski endured physical pain as a result of the personal injuries sustained in The Collision and reasonably anticipates such pain will continue in the future.

    c.    <u>Mental Anguish</u>:  Zachary Kowalski endured mental anguish as a result of the personal injuries sustained in The Collision and reasonably anticipates such mental anguish will continue in the future.

    d.    <u>Disfigurement</u>: Zachary Kowalski endured disfigurement as a result of the personal injuries sustained in The Collision and reasonably anticipates such will continue in the future.

    e.    <u>Impairment</u>: Zachary Kowalski endured physical impairment as a result of the personal injuries sustained in The Collision and reasonably anticipates such in the future.

    f.    <u>Loss of Earning Capacity</u>:  Zachary Kowalski lost earnings as a result of the personal injuries sustained in The Collision. Zachary Kowalski reasonably believes that such injuries will diminish Plaintiff's earning capacity in the future.

## AGGRAVATION

16.    In the alternative, if it be shown that the Plaintiff suffered from any pre-existing injury, disease and/or condition at the time of the incident made the basis of the lawsuit, then such injury, disease and/or condition was aggravated and/or exacerbated by the negligence of the Defendants.

## PROPERTY DAMAGE

17.    As a proximate result of the above-detailed conduct on the part of the Defendants, the vehicle Plaintiff was in at the time of the collision was damaged in an amount in excess of the jurisdictional limits of this Court, for which the Defendants are hereby sued and recovery is sought.

## U.S. LIFE TABLES

18.    Notice is hereby given to the Defendants that Plaintiff intends to use the U. S. Life Tables as published by the Department of Health and Human Services - National Vital Statistics

Report in the trial of this matter. Plaintiff requests that this Honorable Court take judicial notice of those rules, regulations, and statutes of the United States and the State of Texas, pursuant to Texas Rule of Evidence 201 and 1005.

## **RELIEF SOUGHT**

19.   Pursuant to Texas Rules of Civil Procedure 193.7, notice is hereby given of the intention to use any of the documents exchanged and/or produced between any party during the trial of this case. All conditions precedent to Plaintiff's right to recover the relief sought herein have occurred or have been performed.

20.   As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff states that Plaintiff seeks monetary relief in excess of $1,000,000. As discovery takes place and testimony is given, Plaintiff will be in a better position to give the maximum amount of damages sought.

21.   Plaintiff requests that Defendants be cited to appear and answer, and that this case be tried after which Plaintiff recover:

      a.     Judgment against Defendants for a sum within the jurisdictional limits of this Court for the damages set forth herein;

      b.     Pre-judgment interest at the maximum amount allowed by law;

      c.     Post-judgment interest at the maximum rate allowed by law;

      d.     Costs of suit; and

      e.     Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

REYES | BROWNE | REILLEY

*/s/ Timothy R. Reilley*
**Timothy R. Reilley**
State Bar No. 00797297
8222 Douglas Avenue, Suite 400
Dallas, TX 75225
(214) 526-7900
(214) 526-7910 (FAX)
Email: tim@reyeslaw.com

**ATTORNEYS FOR PLAINTIFFS**

017-331918-22

## **AFFIDAVIT OF SERVICE**

| State of Texas | County of TARRANT | 17th District Court |
|---|---|---|

Case Number: 01733191822

Plaintiff:
**ZACHARY KOWALSKI**

vs.

Defendant:
**THOMAS MITCHELL, INC. AND JOHN DOE**

FILED
TARRANT COUNTY
2/22/2022 12:46 PM
THOMAS A. WILDER
DISTRICT CLERK

For:
Timothy R. Reilley
REYES  BROWNE
8222 Douglas Avenue
Suite 400
Dallas, TX 75225

Received by Alliance Civil Process, Inc. on the 15th day of February, 2022 at 11:37 am to be served on **THOMAS MITCHELL, INC BY DELIVERING THROUGH THE SECRETARY OF STATE, 1019 BRAZOS, ROOM 105, AUSTIN, TRAVIS County, TX 78701**.

I, Dane Ray Cuppett, being duly sworn, depose and say that on the **16th day of February, 2022** at 3:41 pm, I:

executed to the **SECRETARY OF STATE** by delivering in duplicate a true copy of the **CITATION AND PLAINTIFF'S ORIGINAL PETITION** with the date of delivery endorsed thereon by me, to: **Venita Moss** at **1019 BRAZOS, ROOM 105, AUSTIN, TRAVIS County, TX 78701**, as the designated agent for the Texas Secretary of State to accept delivery of process on behalf of **THOMAS MITCHELL, INC**.  An administrative fee of $55.00 was also tendered.

I certify that I am over the age of 18, have no interest in the above action, and am a certified process server, in good standing, in the judicial circuit in which the foregoing occurred.  The facts in this affidavit are within my personal knowledge and true and correct.

Subscribed and sworn to before me on the 16th
day of Febmary, 2022 by the affiant
who is personally known to me.

_____
NOTARY PUBLIC

NICOLE M. WADE
My Notary ID # 129C86987
Expires August 9, 2024

**Dane Ray Cuppett**
PSC-7114, Exp. 10/31/23

2/16/2022
**Date**

**Alliance Civil Process, Inc.**
**136 W. McLeroy Blvd.**
**Suite A**
**Saginaw, TX 76179**
**(817) 306-4150**

Our Job Serial Number: FWT-2022000392
Ref: 21051087564

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.11

$90.-

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

*CITATION*                    *Cause No. 017-331918-22*

ZACHARY KOWALSKI
VS.
THOMAS MITCHELL, INC., ET AL

To and through the Secretary Of State, Statutory Documents Section, PO Box 12079, Austin TX 78711-2079
TO: THOMAS MITCHELL INC

R/S REG AGT-PAMELA CLARK 5062 S 108TH ST # 118 OMAHA, NE 68137-

SERVICE OF PROCESS MAY BE HAD UPON DEFENDANT BY DELIVERING TO THE SECRETARY OF STATE, OF THE STATE OF TEXAS, DUPLICATE
COPIES OF THIS CITATION TOGETHER WITH DUPLICATE COPIES OF THE PLAINTIFF'S PETITION ATTACHED HERETO.
You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 17th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

ZACHARY KOWALSKI

Filed in said Court on February 10th, 2022 Against
THOMAS MITCHELL INC, JOHN DOE

For suit, said suit being numbered 017-331918-22 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

TIMOTHY R REILLEY
Attorney for ZACHARY KOWALSKI Phone No. (214)526-7900
Address    8222 DOUGLAS AVE STE 400 DALLAS, TX 75225

Thomas A. Wilder    , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 14th day of February, 2022.

By    *Natalie Thigpen*

NATALIE THIGPEN

A CERTIFIED COPY
ATTEST: 02/14/2022
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
By /s/ Natalie Thigpen

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of
twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures
to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN *01733191822000004*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery.


Authorized Person/Constable/Sheriff: _____
        County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____  (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
                              _____
                       County of _____, State of _____

017-331918-22

FILED
TARRANT COUNTY
2/25/2022 10:46 AM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 017-331918-22

| | | |
|---|---|---|
| ZACHARY KOWALSKI | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | 17TH JUDICIAL DISTRICT |
| | § | |
| THOMAS MITCHELL, INC. and | § | |
| JOHN DOE | § | |
| | § | |
| *Defendants.* | § | TARRANT COUNTY, TEXAS |

### DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Thomas Mitchell, Inc., Defendant herein, and submits this, its Original Answer to Plaintiff's Petition.

### I.
### GENERAL DENIAL

Defendant enters a general denial, pursuant to Texas Rule of Civil Procedure 92.

### II.
### AFFIRMATIVE DEFENSES

Defendant Thomas Mitchell, Inc. alleges that, if Plaintiff sustained any injury, incapacity or disability, such injury, incapacity, or disability resulted solely, or at least partially, from events, factors, diseases, causes, conditions or injuries which occurred prior and/or subsequent to the incident made the basis of this lawsuit.

### III.

Defendant Thomas Mitchell, Inc. further contends that Plaintiff failed to mitigate, which persons of ordinary prudence would have done under the same or similar circumstances, his damages, if any, which may have resulted from the occurrence made the basis of this lawsuit. In

this connection, Defendant Thomas Mitchell, Inc. generally states that Plaintiff was over treated for his alleged injuries and, therefore, incurred unnecessary, unreasonable and excessive medical expenses.

### IV.

Pleading further, Defendant Thomas Mitchell, Inc. asserts that pre-judgment interest, if any, as requested in the Plaintiff's Original Petition, is limited in accordance with §304.104 *et seq.* of the Texas Finance Code.

### V.

By way of further affirmative defense, and in addition to any other limitations under law, Defendant pleads that recovery of medical or healthcare expenses incurred is limited to the amount actually paid or incurred by or on behalf of Plaintiff and, as such, Plaintiff's economic damages are limited to the amount actually paid, or incurred to be paid, and Plaintiff's evidence of economic damages should be limited accordingly and pursuant to §41.0105.

### VI.

Defendant Thomas Mitchell, Inc. alleges that Plaintiff was guilty of certain acts and/or omissions of negligence, each of which, separately or concurrently, was the sole proximate cause, or alternatively, a proximate cause of the occurrence made the basis of this lawsuit. Thus, Defendant Thomas Mitchell, Inc. is entitled to a comparative responsibility instruction under Chapter 32.001, et seq. and Chapter 33.001, et seq. of the Texas Civil Practice and Remedies Code. Accordingly, in the unlikely event that Plaintiff recovers damages in this suit, his damages should be reduced in proportion to the percentage of responsibility attributed to Plaintiff related to his negligent conduct in connection with the occurrence.

## VII.

Per Rule 94 of the Texas Rules of Civil Procedure, Defendant Thomas Mitchell, Inc. specifically invokes the substantive and procedural safeguards afforded to Defendants who are sued for exemplary damages, as provided by Chapter 41 of the Texas Civil Practice and Remedies Code, including:

A.   The heightened standards of recovery of exemplary damages as set forth in Section 41.003;

B.   The requirement that exemplary damages be awarded specifically as to Defendants, as set forth in Section 41.006;

C.   The requirement that prejudgment interest not be assessed or recovered on exemplary damages, as set forth in Section 41.007;

D.   The limitations on recovery of exemplary damages, as set forth in Section 41.008;

E.   The requirement for a bifurcated trial, as set forth in Section 41.009;

F.   The considerations which the trier of fact must take into account in making an award of exemplary damages, as set forth in Sections 41.010 and 41.011;

G.   The jury instructions with respect to an award of exemplary damages, as set forth in Section 41.012; and

H.   The requirement for heightened scrutiny in connection with the judicial review of an award of exemplary damages, as set forth in Section 41.013.

## VIII.
## RESERVATION OF RIGHT TO AMEND

Defendant expressly reserves the right to amend this pleading at a later date, in order to assert additional matters which may become apparent during the course of discovery.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Thomas Mitchell, Inc. prays that Plaintiff take nothing by and from this action from Defendant, that Defendant recover its costs, and that it be awarded all other relief to which it may show itself to be justly entitled.

Respectfully submitted,

**Ekvall & Byrne, LLP**

*/s/ Richard J. Byrne*
**RICHARD J. BYRNE**
State Bar No. 03566435
rbyrne@ekvallbyrne.com
4450 Sigma Road, Suite 100
Dallas, Texas 75244
972-239-0839
972-960-9517 facsimile
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served upon all counsel in accordance with the Rules of Civil Procedure, on this the 25th day of February, 2022, in the following manner:

*Via electronic service*
Timothy R. Reilley
REYES | BROWNE | REILLEY
8222 Douglas Ave., Suite 400
Dallas, Texas 75225
214-526-7900
214-526-7910 FAX
tim@reyeslaw.com

*Counsel for Plaintiff*

*/s/ Richard J. Byrne*
**RICHARD J. BYRNE**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lori Sarathy on behalf of Richard Byrne
Bar No. 3566435
lsarathy@ekvallbyrne.com
Envelope ID: 62079697
Status as of 2/25/2022 11:10 AM CST

Associated Case Party: THETHOMAS MITCHELL INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Nancy Paul | | npaul@ekvallbyrne.com | 2/25/2022 10:46:51 AM | SENT |
| Richard J.Byrne | | rbyrne@ekvallbyrne.com | 2/25/2022 10:46:51 AM | SENT |
| Stefan Allen | | sallen@ekvallbyrne.com | 2/25/2022 10:46:51 AM | SENT |
| Lori Sarathy | | lsarathy@ekvallbyrne.com | 2/25/2022 10:46:51 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Timothy R.Reilley | | tim@reyeslaw.com | 2/25/2022 10:46:51 AM | SENT |

017-331918-22

FILED
TARRANT COUNTY
2/25/2022 10:49 AM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 017-331918-22

| | | |
|---|---|---|
| ZACHARY KOWALSKI | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | 17TH JUDICIAL DISTRICT |
| | § | |
| THOMAS MITCHELL, INC. and | § | |
| JOHN DOE | § | |
| | § | |
| *Defendants.* | § | TARRANT COUNTY, TEXAS |

### DEFENDANT'S DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Thomas Mitchell, Inc., Defendant herein, and makes and files this, its

request for a trial by jury of the above-entitled and numbered cause.

Respectfully submitted,

**Ekvall & Byrne, LLP**

*/s/ Richard J. Byrne*
**RICHARD J. BYRNE**
State Bar No. 03566435
rbyrne@ekvallbyrne.com
4450 Sigma Road, Suite 100
Dallas, Texas 75244
972/239-0839
972/960-9517 facsimile
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served upon counsel in accordance with the Rules of Civil Procedure, on this the 25th day of February, 2022, in the following manner:

*Via electronic service*
Timothy R. Reilley
REYES | BROWNE | REILLEY
8222 Douglas Ave., Suite 400
Dallas, Texas 75225
214-526-7900
214-526-7910 FAX
tim@reyeslaw.com

*Counsel for Plaintiff*

/s/ *Richard J. Byrne*
RICHARD J. BYRNE

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lori Sarathy on behalf of Richard Byrne
Bar No. 3566435
lsarathy@ekvallbyrne.com
Envelope ID: 62080094
Status as of 2/25/2022 11:33 AM CST

Associated Case Party: THETHOMAS MITCHELL INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Nancy Paul | | npaul@ekvallbyrne.com | 2/25/2022 10:49:15 AM | SENT |
| Richard J.Byrne | | rbyrne@ekvallbyrne.com | 2/25/2022 10:49:15 AM | SENT |
| Stefan Allen | | sallen@ekvallbyrne.com | 2/25/2022 10:49:15 AM | SENT |
| Lori Sarathy | | lsarathy@ekvallbyrne.com | 2/25/2022 10:49:15 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Timothy R.Reilley | | tim@reyeslaw.com | 2/25/2022 10:49:15 AM | SENT |

017-331918-22

FILED
TARRANT COUNTY
2/25/2022 10:48 AM
THOMAS A. WILDER
DISTRICT CLERK

### CAUSE NO.  017-331918-22

| | | |
|---|---|---|
| ZACHARY KOWALSKI | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | 17ᵀᴴ JUDICIAL DISTRICT |
| | § | |
| THOMAS MITCHELL, INC. and | § | |
| JOHN DOE | § | |
| | § | |
| *Defendants.* | § | TARRANT COUNTY, TEXAS |

### DEFENDANT'S OBJECTION
### TO PLAINTIFF'S NOTICE OF INTENTION TO USE
### DISCOVERY AGAINST DEFENDANT PURSUANT TO T.R.C.P. 193.7

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, **Thomas Mitchell, Inc.**, objects to Plaintiff's Notice of Intent to Use Discovery Against Defendant pursuant to Tex. R. Civ. P. 193.7. Specifically, Plaintiff's Notice is not proper in that it fails to set forth or identify the specific documents which Plaintiffs will allegedly use against Defendant. A global notice of intent is improper, overly broad and fails to adequately apprise Defendant of the identity of the specific document(s) to be authenticated. Defendant further objects in that the origin of the documents produced is either unknown and/or have not been properly authenticated. Thus, Defendant objects and disputes the authentication and demand that all documents be properly authenticated before being used against Defendant in any pre-trial proceeding or at the time of trial.

Respectfully submitted,

**Ekvall & Byrne, LLP**

*/s/ Richard J. Byrne*
**RICHARD J. BYRNE**
State Bar No. 03566435
rbyrne@ekvallbyrne.com
4450 Sigma Road, Suite 100
Dallas, Texas 75244
972/239-0839
972/960-9517 facsimile
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served upon counsel of record in accordance with the Rules of Civil Procedure on this, the 25th day of February, 2022, in the following manner:

*Via Efiling*
Timothy R. Reilley
REYES | BROWNE | REILLEY
8222 Douglas Ave., Suite 400
Dallas, Texas 75225
214-526-7900
214-526-7910 FAX
tim@reyeslaw.com

*Counsel for Plaintiff*

*/s/ Richard J. Byrne*
**RICHARD J. BYRNE**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lori Sarathy on behalf of Richard Byrne
Bar No. 3566435
lsarathy@ekvallbyrne.com
Envelope ID: 62080011
Status as of 2/25/2022 11:33 AM CST

Associated Case Party: THETHOMAS MITCHELL INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Nancy Paul | | npaul@ekvallbyrne.com | 2/25/2022 10:48:03 AM | SENT |
| Richard J.Byrne | | rbyrne@ekvallbyrne.com | 2/25/2022 10:48:03 AM | SENT |
| Stefan Allen | | sallen@ekvallbyrne.com | 2/25/2022 10:48:03 AM | SENT |
| Lori Sarathy | | lsarathy@ekvallbyrne.com | 2/25/2022 10:48:03 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Timothy R.Reilley | | tim@reyeslaw.com | 2/25/2022 10:48:03 AM | SENT |



CAUSE NO. 017-331918-22

| | | |
|---|---|---|
| ZACHARY KOWALSKI | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | TARRANT COUNTY, TEXAS |
| | § | |
| THOMAS MITCHELL, INC., ET AL | § | 17ᵀᴴ JUDICIAL DISTRICT |

## ORDER SETTING TRIAL

The Court hereby enters the following trial setting and other pretrial deadlines. All deadlines not contained in this Order shall be governed by the Texas Rules of Civil Procedure and Tarrant County Local Rules. If all parties/attorneys desire a different trial setting, an agreed scheduling order with the new trial date contained therein shall be submitted to the Court within fourteen days.

**March 11, 2022**      An Agreed Scheduling Order shall be submitted by this date.

**January 13, 2023**      Each party shall file with the clerk of the court an exhibit list,
**by noon**                        witness list, motions in limine, and a proposed charge of the court
                                          or proposed findings of fact/conclusions of law. A courtesy copy of
                                          the proposed charge should also be sent in Word format via e-mail
                                          to jmgrimsley@tarrantcounty.com.

**January 19, 2023**      The Court will conduct a pretrial hearing on this date and time with
**at 2:30 p.m.**              the parties.

**January 23, 2023**      This case is set for trial during the week of January 23, 2023.

Signed on this 25th day of February, 2022.

**Melody Wilkinson, Judge Presiding**

017-331918-22

CAUSE NO.  017-331918-22

FILED
TARRANT COUNTY
3/7/2022 11:00 AM
THOMAS A. WILDER
DISTRICT CLERK

| | | |
|---|---|---|
| ZACHARY KOWALSKI | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | 17TH JUDICIAL DISTRICT |
| | § | |
| THOMAS MITCHELL, INC. and | § | |
| JOHN DOE | § | |
| | § | |
| *Defendants.* | § | TARRANT COUNTY, TEXAS |

## AGREED SCHEDULING ORDER – LEVEL 3

This case will be ready and is set for jury trial on**.**  All counsel of record as well as all parties are required to appear at the Initial Trial Setting. Reset or continuance of the Initial Trial Setting will not alter any deadlines established in this Order or established by the Texas Rules of Civil Procedure unless otherwise provided by order. If not reached as set, the case may be carried to the next week.

**Jury Trial**                                                                Week of **January 23, 2023**
                                                                                       at ~~9:00 a.m.~~ 8:45 a.m.

**Deadline for filing Amended Pleadings Asserting New Claims or**    **September 5, 2022**
**Defenses** - 140 days before the Initial Trial Setting. (Amended pleadings
responsive to timely filed pleadings under this scheduling order may be
filed after the deadline for amended pleadings, if filed within two (2)
weeks after the pleadings to which they respond.)

**Deadline to Designate Responsible Third Parties** - 151 days before    **August 25, 2022**
the Initial Trial Setting. Defendant shall file any motions for leave to;
designate responsible third parties, under Civ. Prac. & Rem. Code
§33.004 by this date.

**Deadline to Join Additional Parties** - 151 days before the Initial Trial    **August 25, 2022**
Setting. No additional parties may be joined after this date, except on
motion for leave showing good cause. This paragraph does not
otherwise alter the requirements of Rule 38. This paragraph does not
limit a claimant's ability to join a person designated as a responsible
third parties, as provided for under Civ. Prac. & Rem. Code §33.004(c).
The party joining an additional party shall serve a copy of this Order to
the new party concurrently with the pleading joining that party,

**Deadline for any Party seeking affirmative relief** to designate experts    **August 11, 2022**

PAGE 1

a; per Tex. R. Civ. P. 194.2(1) (if Requests for Disclosures were sent) —
165 days before the Initial Trial Setting

**Deadline for any Party opposing affirmative relief** to designate   **September 26, 2022**
experts as per Tex. R. Civ. P. 194.2(1) (if Requests for Disclosures were
sent) — 120 days before Initial Trial Setting.

**Deadline for Designation of Rebuttal Experts** as per Tex. R. Civ. P.   **October 25, 2022**
194.2(1) (if Requests for Disclosures were sent) – 90 days before the
Initial Trial Setting. The Parties shall designate rebuttal experts from
whom they intend to elicit expert opinions testimony regarding matters
not reasonably anticipated prior to that Party's original expert
designation deadline.

**Deadline to File Dispositive Motions** — 75 days before the Initial Trial   **November 9, 2022**
Setting. All dispositive motions shall be filed no later than this date.

**Deadline to File No-Evidence Motions** - 60 days before the Initial   **November 24, 2022**
Trial Setting. All no-evidence motions, as provided for by Rule 166a(i),
shall be filed by this date. No such Motions shall be heard before the
close of the discovery period.

**Discovery Closes** - 32 days before the Initial Trial Setting. All   **December 22, 2022**
depositions shall be completed by this date and all writen discovery
request shall be served so that the responses are due no later than this
date. Rule 193.5 governs amended or supplemental responses; however,
it is presumed that an amended or supplemental response made after this
date was not made reasonably promptly.

**Deadline to File Motion to Compel** - 46 days before the Initial Trial   **December 8, 2022**
Setting. Any motion to compel responses to discovery (other than
relating to factual matters arising after the end of fact discovery) must be
filed no later than this date, except for motions for sanctions as provided
for by Rule 193.6.

**Mediation Deadline**   **December 23, 2022**

**Mediator**: the parties have agreed to **<u>Adam LeCrone</u>** as mediator.

Except by agreement of the parties, leave of Court, or where expressly
authorized by the TRCP, no party may obtain discovery of information
subject to TRCP 194 Disclosure by other forms of discovery (e.g. a
request for production for testifying expert reports, witness statements,
etc.) Repeated attempts of this type may be treated as an abuse of the
discovery process and subject to Court sanctions.

| | |
|---|---|
| **Parties** shall exchange: (i) designations of deposition testimony (by page and line) to be offered in direct examination: (ii) witness list; (iii) a jury questionnaire if any; (iv) any Motions in Limine (please note the Conn has a Standing Motion in Limine); (v) a proposed jury charge; and (vi) a list of exhibits, including any demonstrative aids and affidavits. The Parties shall exchange copies of any exhibits not previously produced in discovery; over-designation of witness and/or exhibits is strongly discouraged and may be sanctioned. Except for records to be offered by way of business records affidavit, each exhibit must be identified separately and not by category or group designation. Please do not file these documents with the Court, just exchange them among the Parties. | **January 6, 2023** |
| **Parties** shall exchange, in writing, objections to the opposing party's proposed exhibits, including objections under rule 193.7 TRCP, as Well as objections to any deposition, testimony. The attorneys in charge for each party shall confer on stipulations regarding the materials to be submitted to the Court under this paragraph and each shall attempt to maximize agreement with each opposing attorney on such matter. Please do not file these documents with the Court, just exchange them among the Parties. | **January 9, 2023** |
| **Parties** shall file with the Court an exhibit list, witness list, motions in limine and a proposed charge of the court or proposed findings of fact/conclusions of law. A courtesy copy of the proposed charge should also be sent in Word format via e-mail to jmgrimsley@tarrantcounty.com | **January 13, 2023 By Noon** |
| **Pre-trial Hearing** | **January 19, 2023 at 2:30 p.m.** |

The parties may alter these deadlines by agreement, pursuant to TRCP 11 except the trial date, pretrial conference and deadline for filing pretrial documents.

SIGNED this ___7th___ day of _____March_____, 2022.

_____
**JUDGE PRESIDING**

AGREED:

**REYES | BROWNE | REILLEY**


/s/ Timothy R. Reilley
_____
**TIMOTHY R. REILLEY**
SBN: 00797297
8222 Douglas Ave., Suite 400
Dallas, Texas 75225
214-526-7900
214-526-7910 FAX
tim@reyeslaw.com
**COUNSEL FOR PLAINTIFF**


**EKVALL & BYRNE, LLP**

*/s/ Richard J. Byrne*
_____
**RICHARD J. BYRNE**
State Bar No. 03566435
rbyrne@ekvallbyrne.com
4450 Sigma Road, Suite 100
Dallas, Texas 75244
972/239-0839
972/960-9517 FAX
**ATTORNEYS FOR DEFENDANT**
**THOMAS MITCHELL, INC.**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lori Sarathy on behalf of Richard Byrne
Bar No. 3566435
lsarathy@ekvallbyrne.com
Envelope ID: 62349235
Status as of 3/7/2022 11:06 AM CST

Associated Case Party: THETHOMAS MITCHELL INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Nancy Paul | | npaul@ekvallbyrne.com | 3/7/2022 11:00:25 AM | SENT |
| Richard J.Byrne | | rbyrne@ekvallbyrne.com | 3/7/2022 11:00:25 AM | SENT |
| Stefan Allen | | sallen@ekvallbyrne.com | 3/7/2022 11:00:25 AM | SENT |
| Lori Sarathy | | lsarathy@ekvallbyrne.com | 3/7/2022 11:00:25 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Timothy R.Reilley | | tim@reyeslaw.com | 3/7/2022 11:00:25 AM | SENT |